IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LORI KREIDER                          :
787 Nancy Lane                        :
Lancaster, PA 17601                   :
     and                              :
A.K., a minor, by his parent and      :
natural guardian, LORI KREIDER        :
787 Nancy Lane                        :
Lancaster, PA 17601                   :
                                      :
     v.                               :
                                      :
CITY OF LANCASTER                     :    Civil Action No.
120 North Duke Street                 :
Lancaster, PA 17603                   :
     and                              :
POLICE CHIEF JARRAD BERKIHISER        :
Individually and as a police officer  :    JURY TRIAL DEMANDED
for the City of Lancaster             :
c/o Lancaster City Bureau of Police   :
39 West Chestnut Street               :
Lancaster, PA 17603-3501              :
       and                            :
POLICE OFFICER JOHN DOE               :
Individually and as a police officer  :
for the City of Lancaster             :
c/o Lancaster City Bureau of Police   :
39 West Chestnut Street               :
Lancaster, PA 17603-3510              :

**COMPLAINT**

**Jurisdiction**

1.  This action is brought pursuant to 42 U.S.C. § 1983.

Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1),(3),(4)

and the aforementioned statutory provision. Plaintiff further

invokes the supplemental jurisdiction of this Court pursuant to 28

U.S.C. § 1367(a) to hear and adjudicate state law claims.

**Parties**

2.   Plaintiff, Lori Kreider, is an adult individual who resides at 787 Nancy Lane, Lancaster, Pennsylvania 17601 and at all times relevant to this action was present in Lancaster, Pennsylvania.

3.   Plaintiff, A.K., is a minor, age 11, residing with his parent and natural guardian, Lori Kreider at the address aforementioned and at all times relevant to this action was present in Lancaster, Pennsylvania.

4.   Defendant, City of Lancaster, is a municipal corporation of the Commonwealth of Pennsylvania organized and existing under the laws of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Lancaster City Bureau of Police which employs and/or employed Defendant, Police Chief Jarrad Berkihiser and Police Officer John Doe.

5.   Defendant, City of Lancaster, at all times relevant to this Complaint, was responsible for the training and actions of all its police employees, and authorizes and supports their actions under color of state law, pursuant to either official policy, custom or practice of the City of Lancaster.

6.   Defendant, Police Chief Jarrad Berkihiser, is a police officer and chief of police with the Lancaster City Bureau of Police who at all relevant times was acting under color of state law.  The Defendant officer is being sued in his individual

2

capacity.

7.   At all times relevant hereto, Defendant, Police Chief Jarrad P. Berkihiser, was a policymaker and was responsible for policies, procedures, customs, practices, operation, management, direction and control of the Lancaster Bureau Police Department. Further, he was the individual responsible for the training and actions and discipline of all police employees of the Lancaster Bureau Police Department.

8.   Defendant, Police Officer John Doe, was and is at all times relevant hereto employed by the Lancaster City Bureau of Police as a police officer for the Lancaster City Bureau of Police acting under color of state law and within the course and scope of his employment with the Lancaster City Bureau of Police.  The Defendant officer is being sued in his individual capacity.

9.   At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiffs, Lori Kreider and A.K., a minor, of their constitutional and statutory rights as hereinafter described.

### Factual Allegations

10.   On or about May 30, 2020, Plaintiff Lori Krieder and her then 10 year old son, Plaintiff A.K., inspired by recent calls for racial justice and police accountability, participated in a peaceful demonstration in the City of Lancaster.

11.   More specifically, in the early evening hours both

3

Plaintiffs arrived at or near the intersection of Prince Street and W. Chestnut Streets in the City of Lancaster.

12.  At all times Plaintiff Krieder and Plaintiff A.K. were unarmed, peaceful and not engaging in any behavior which could have been considered threatening to anyone.

13.  As Plaintiff Kreider stood at or near the intersection of Prince Street and West Chestnut Street, Plaintiff A.K. sat on the curb at her feet.

14.  While standing at the above-mentioned location, Plaintiff Lori Krieder was holding a sign with a picture of a City of Lancaster Police Detective.  The sign had a caption which read "This is what police brutality looks like."

15. At approximately 8:30 p.m. on May 30, 2020, Plaintiffs were approached by Defendant Police Officer John Doe.  Plaintiff Krieder was holding her sign, her son, A.K. a plate with a slice of pizza and an apple.

16.  Defendant Police Officer John Doe was in a City of Lancaster police uniform, but was wearing a mask.

17.  Defendant Officer Doe stopped directly in front of Plaintiff, stared at the sign she was holding for a few seconds and then without any warning, took out a can of mace or same similar chemical irritant, and sprayed Plaintiff directly into her face and eyes.

18.  When Defendant Officer Doe sprayed Plaintiff with the

4

chemical irritant he held the can only inches from her face.

19.  Within seconds after spraying Plaintiff Lori Kreider, Defendant Officer Doe then sprayed Plaintiff A.K. directly in the face with the same chemical irritant.

20.  At the time several bystanders came to the aid of Plaintiffs.

21.  The bystanders took Plaintiff A.K. to the police station to get medical attention but an unknown officer of the Lancaster Police Department refused to allow them entrance and refused to provide any aid.

22.  Eventually paramedics examined the Plaintiffs and assisted in trying to wash the chemical irritant off.

23.  Plaintiff Kreider and her son returned home, showered.  At that point, Plaintiff Kreider noticed her son, Plaintiff A.K. had chemical burns on his neck and torso.

24.  At no time relevant hereto did Plaintiffs offer any physical resistance to the Defendant police officer and at no time were they engaging in any activity which could have been considered a threat to the Defendant officer or to anyone else.

25.  Defendant Police Officer John Doe's use of pepper spray in Plaintiffs' face and eyes was not a reasonable use of force under the circumstances as Plaintiff Lori Kreiger was merely standing at the street corner holding a sign and Plaintiff A.K., a minor, was sitting on the curb at his mother's feet eating a slice of pizza.

5

26.   The actions of Defendant Police Officer John Doe as hereinbefore described were done with malice and a deliberate indifference to the rights of the Plaintiffs.

27.   When Defendant Officer Doe sprayed chemical irritant into the faces of the Plaintiffs, there was no emergency or exigent circumstances requiring him to act rapidly.

28.   The actions of Defendant Officer Doe as described herein were arbitrary, done with an intent to harm the Plaintiffs' physically and were such as to shock the conscience.

29.   The actions of Defendant Officer Doe as hereinafter described showed deliberate indifference to the health, safety and welfare of the Plaintiffs and were done without any legitimate law enforcement purpose.

30.   The unreasonable use of force in this case were the direct result of Defendants' pattern, practice, and custom of subjecting citizens such as Lori Kreider and A.K., a minor, to unreasonable force and excessive force in the absence of any legitimate purpose.

31.   As a direct and proximate result of the actions of Defendant, Officer John Doe, Plaintiffs Lori Kreiger and A.K., a minor suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent as well as financial losses.

32.   The actions taken by Defendant Police Officer John Doe in this matter were taken under color of state law.

6

33.   Defendants City of Lancaster and Police Chief Jarrad Berkihiser have encouraged, tolerated, ratified and have been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a.   The use of unreasonable force, excessive force, depriving citizens such as Plaintiffs to gather in peaceful protest and of their right to freedom of speech by police officers;

    b.   The proper exercise of police powers, including but not limited to the use of unreasonable force, excessive force, and violations of citizens' rights to gather in peaceful protest and free speech rights, particularly in connection with perceived challenges to police authority;

    C.   The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

    d.   The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    e.   Police officers' use of their status as police

officers to employ the use of unreasonable force, excessive force, to violate a citizens' right to gather in peaceful protest and to free speech or to achieve ends not reasonably related to their police duties; and

    f.   The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and a citizens' right to gather in peaceful protest and to a citizens' right of free speech under such circumstances as presented herein.

34. The City of Lancaster and Police Chief Jarrad Berkihiser have failed to properly sanction or discipline officers, who were aware of, conceal, and/or aid violations of constitutional rights of citizens by other Lancaster Bureau police officers, including the Defendant officer in this case, to violate the rights of citizens such as Plaintiffs Lori Kreider and A.K., a minor.

35. In fact on or about August 25, 2020 Defendant Chief Berkihiser, while still the Chief of Police, conceded that the City of Lancaster Police Department had policies and procedures which needed to be "rewritten."

36. More specifically, on August 25, 2020, then Chief Berkihiser conceded that the police officer employed by the City of Lancaster needed to implement new policies, particularly on de-

escalating and use of force.

37.   The conduct of Defendant Police Officer John Doe violated Plaintiff's rights guaranteed by the First, Fourth and Fourteenth Amendments of the United States Constitution and in particular Plaintiff was deprived of their right to gather in peaceful protest, of their right to freedom of speech, to be free from unreasonable force, excessive force, assault, battery and to be secure in their person and property.  Plaintiffs were similarly deprived of the right not to be the victim of conspiracies of state actors to violate the aforementioned clearly established rights.

38.   Defendants have by the above described actions deprived Plaintiffs of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

### FIRST CAUSE OF ACTION
### FEDERAL CIVIL RIGHTS VIOLATIONS
### AGAINST ALL DEFENDANTS

39.   Plaintiffs Lori Kreider and A.K., a minor, incorporate by reference paragraphs 1 through 38 of the instant Complaint.

40.   As a direct and proximate result of Defendants' conduct, committed under state law, Plaintiffs Lori Kreider and A.K., a minor, were deprived of their right to gather in peaceful protest, to freedom of speech, to be free from unreasonable force, excessive force and to be secure in their person and property.  As a result, Plaintiffs Lori Kreider and A.K., a minor, suffered and continues

9

to suffer harm in violation of their rights under the laws and Constitution of the United States, in particular, the First, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

41.  As a direct and proximate result of the acts of Defendants, Plaintiffs, Lori Kreider and A.K., a minor, sustained emotional harm, loss of liberty and financial losses, all to their detriment and harm.

**SECOND CAUSE OF ACTION**
**SUPPLEMENTAL STATE CLAIMS**
**AGAINST POLICE OFFICER JOHN DOE**

42.  Plaintiffs Lori Kreider and A.K., a minor, incorporates by reference paragraphs 1 through 41 of the instant Complaint.

43.  The acts and conduct of the Defendants in this cause of action constitute assault, battery and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate this claims.

WHEREFORE, Plaintiffs Lori Kreider and A.K., a minor, request the following relief:

a.  Compensatory damages;

b.  Punitive damages;

c.  Reasonable attorney's fees and costs;

d.  Such other and further relief as appears reasonable and just; and

e.  A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: _____
Patrick G. Geckle
Attorney ID No. 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA 19102
(215) 735-3326 - phone
(215) 689-2803 - fax
Email: pgeckle@pgglaw.com

Counsel for Plaintiff